**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

WILLIAM A. FERRELL,
ADC #147911                                                                                                    PLAINTIFF

v.                                           4:10-cv-01421-BSM-JTK

BOBBY BROWN, et al.                                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District
      Judge (if such a hearing is granted) was not offered at the
      hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the
      hearing before the District Judge in the form of an offer of

> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate confined at the Faulkner County Detention Center (Jail), filed this pro se 42 U.S.C. § 1983 action, alleging denial of adequate medical care and treatment by Defendants.

By Order dated October 6, 2010 (Doc. No. 3), this Court granted Plaintiff's application to proceed in forma pauperis in this lawsuit. However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed Plaintiff to amend his complaint. Plaintiff filed an Amended Complaint (Doc. No. 5), adding a Defendant, Chris Henderson.

After carefully reviewing the documents submitted by Plaintiff, the Court concludes that Plaintiff's Original and Amended Complaints should be dismissed for failure to state a claim upon which relief may be granted.

**I.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Facts and Analysis**

In his Original Complaint, Plaintiff stated he submitted a request to see a doctor on June 7, 2010, and did not see Defendant Dr. Stewart until September 16, 2010. He also stated Defendant Bryant had trouble drawing blood from his arm, and left Plaintiff with a knot and bruise on his arm. He did not include any specific allegations against Defendants Stewart or Brown. In the October 6, 2010 Order, the Court directed Plaintiff to more clearly state his allegations, including the name of each individual personally involved, how that individual was involved and how that individual violated Plaintiff's constitutional rights. The Court noted Plaintiff did not include specific

allegations against Defendants Stewart and Brown, and that his allegations against Defendant Bryant were at most allegations of negligence.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).

    A.    Defendants Stewart and Bryant - In his Amended Complaint, Plaintiff does not add any specific allegations of unconstitutional conduct by Defendant Stewart, other than to say he examined Plaintiff on a couple of occasions, for blood in his colon and a rash, and did not respond to Plaintiff's questions about the rash. In addition, Plaintiff's allegations against Defendant Bryant relate to her negligence in taking blood from his arm and her failure to tell him when his dental appointment was scheduled.

To state a claim for an Eighth Amendment violation, Plaintiff must allege and prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth

4

Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

In this case, the Court finds Plaintiff's allegations at best allege negligence on the part of Defendants Stewart and Bryant. Plaintiff admits being examined by the two on more than one occasion, and appears to disagree over their responses to his questions. Plaintiff does not claim that either of these individuals were responsible for a delay in being treated by Defendant Stewart, or that his medical condition deteriorated as a result. Therefore, Plaintiff fails to state a claim against these Defendants.

  B. Defendant Brown - In the Amended Complaint, Plaintiff states he is suing Brown because "of his lack in administrative responsibility as Major." (Doc. No. 5, p. 7). Plaintiff does not allege any personal interaction with Defendant Brown or any knowledge by Defendant Brown of actions violating Plaintiff's Constitutional rights. Supervisor liability is limited in § 1983 actions, and a supervisor can not be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). Therefore, the Court finds Plaintiff fails to state a claim against Defendant Brown.

  C. Defendant Henderson - Plaintiff alleges he wrote several grievances to Defendant Henderson about why medical personnel would not talk to him, and Defendant refused to help resolve his problem. Since the Court previously stated Plaintiff's allegations against the medical personnel do not rise to a Constitutional level, Defendant Henderson's failure to intervene with

respect to Plaintiff's complaints also does not state a claim. In addition, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.l2d 494, 495 (8th Cir. 1993), quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.IL 1982). Plaintiff does not allege that Defendant prevented him from raising an issue in a grievance, which thereby resulted in harm to the Plaintiff. Therefore, the Court finds Plaintiff's allegations against Defendant Henderson also fail to state a claim for relief.

**III.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaints against Defendants be DISMISSED with prejudice for failure to state a claim.

2.    This dismissal be considered a "strike" under the PLRA.[1]

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3) that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith.

IT IS SO RECOMMENDED this 15th day of October, 2010.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] A prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C § 1915(g).